IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DON D. LEONARD, )
)
      Petitioner, )
)
v. ) Case No. 23-CV-0055-TCK-JFJ
)
CARRIE BRIDGES, Warden, )
)
      Respondent. )

## OPINION AND ORDER

Petitioner Donald D. Leonard, a state prisoner appearing without counsel,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the criminal judgment entered against him in the District Court of Tulsa County, Case No. CF-2013-1773. Dkt. 1. Respondent Carrie Bridges filed a limited response urging this Court to dismiss the petition on the bases that Leonard did not file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1), and, in the alternative, that Leonard did not exhaust available state remedies before filing the petition, in contravention of 28 U.S.C. § 2254(b)(1)(A).[2] Dkt. 11. For the reasons

---

[1] Because Leonard appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as his advocate by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] After Bridges filed the limited response, Leonard filed a second premature motion purportedly seeking relief, under Federal Rule of Civil Procedure 60(b)(4), either from a "void" state court judgment or from a final judgment in this case that has not yet been entered. Dkt. 13. Because Leonard's second motion is substantially the same as his first premature motion for relief from judgment (Dkt. 10) and Leonard continues to ignore the procedural posture of this case by again purporting, at least in part, to seek post judgment relief from a judgment not yet entered in this case, the Court denies the motion for relief from judgment filed June 12, 2023 (Dkt. 13) for the same reasons stated in this Court's prior Order filed June 7, 2023 (Dkt. 12).

discussed below, the Court dismisses the petition as barred by the applicable statute of limitations.[3]

## BACKGROUND

In the District Court of Tulsa County, Case No. CF-2013-1773, on February 3, 2014, Leonard pleaded guilty as to seven counts of child sexual abuse. Dkt. 11, at 1-2; Dkt. 11-8, at 15;[4] *see* Okla. Stat. tit. 21, § 843.5(F). On March 27, 2014, the state district court adjudged Leonard guilty and sentenced him to concurrent thirty-year terms of imprisonment as to each count. Dkt. 11-8, at 6. With the benefit of the prison mail box rule, Leonard commenced this federal habeas action nearly nine years later, on February 8, 2023, alleging that he received ineffective assistance of counsel, that he was denied a speedy trial, and that, pursuant to the Major Crimes Act, 18 U.S.C. § 1153, the state court lacked jurisdiction to convict him. Dkt. 1, at 5-8, 10-17; *see* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (establishing that inmate filings are deemed filed when delivered to prison officials using the prison's legal mail system).

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

---

[3] Because the Court finds that Leonard's petition is untimely, the Court does not reach Bridges's alternative argument for dismissal on exhaustion grounds.

[4] The Court's citations refer to the CM/ECF header pagination.

and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

A.  The Applicable Limitations Period

Leonard does not expressly invoke 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Rather, he contends that claims involving subject matter jurisdiction, like those advanced in his petition, cannot be waived and may be raised at any time. Dkt. 1, at 10-17. But claims that a judgment was imposed without proper jurisdiction are not exempt from the AEDPA's one-year statute of limitations. *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims.").

Because Leonard has not alleged facts triggering § 2244(d)(1)(B), (C), or (D), the one-year limitations period for filing his petition began to run pursuant to § 2244(d)(1)(A) on the date on which his criminal judgment became final. Leonard was afforded ten days from March 27, 2014, the date he was sentenced, to initiate a direct appeal by moving to withdraw his guilty plea. Okla. R. Crim. App. 4.2(A); *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). Leonard did not move to withdraw his guilty plea, and his criminal judgment therefore became final on April 7, 2014.[5] The one-year limitations period for seeking federal habeas relief began to run the following

---

[5] Leonard's ten-day period to move to withdraw his guilty plea expired on April 6, 2014. However, because that day was a Sunday, he had until the following Monday, April 7, 2014, to file the motion. Okla. R. Crim. App. 1.5(A).

day, on April 8, 2014, and expired one year later, April 8, 2015. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Section 2244(d)(1)(A) therefore bars relief as to Leonard's claims absent statutory or equitable tolling.

> B. <u>Statutory and Equitable Tolling</u>

Statutory tolling is available under 28 U.S.C. § 2244(d)(2) to petitioners who sought "State post-conviction or other collateral review with respect to the pertinent judgment or claim" within the AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Because Leonard did not file any applications in state court seeking postconviction or other collateral review during his one-year limitations period, he cannot benefit from statutory tolling. Dkt. 11-8, at 12-13; *Clark*, 468 F.3d at 714.

Leonard also cannot benefit from equitable tolling because he has not shown that he "diligently pursue[d] his claims and . . . that the failure to timely file [a federal habeas petition] was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). To the extent Leonard's petition could be liberally construed as arguing that the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), gave rise to extraordinary circumstances that would support equitable tolling of the statute of limitations for *McGirt*-related claims, this court has previously rejected that argument. *See, e.g.*, *Rowbotham v. Nunn*, Case No. 22-CV-0011-JFH-SH, 2022 WL 1523195, at *3 (N.D. Okla. May 13, 2022) (unpublished) ("Even accepting that *McGirt* significantly altered the understanding of the allocation of criminal jurisdiction in Oklahoma, applying equitable tolling in this situation would effectively turn the doctrine of equitable tolling into a judicially-created equitable exception to § 2244(d)(1)'s one-year statute of limitations for all Oklahoma prisoners who were purportedly tried by a state court that lacked criminal jurisdiction. This would be contrary to the well-

established principle that 'equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.'" (footnote omitted) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007))).[6] And none of Leonard's arguments persuade this Court to revisit the issue. Thus, even if Leonard could demonstrate reasonable diligence in pursuing his claims, the Court finds that he has not identified any extraordinary circumstances that prevented him from filing a timely habeas petition. *See* Dkt. 1, generally; *Marsh*, 223 F.3d at 1220.

Lastly, the judicially created actual-innocence exception can provide habeas petitioners an equitable avenue through which to pursue constitutional claims that are barred by § 2244(d)(1)'s statute of limitations. *Pacheco*, 62 F.4th at 1241-42. "Also known as the 'miscarriage of justice' exception, the actual-innocence exception applies 'when a petitioner can demonstrate that he is actually innocent of the crime of conviction.'" *Id.* at 1241 (quoting *Taylor v. Powell*, 7 F.4th 920, 926 (10th Cir. 2021)). "To qualify for the exception, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Leonard, however, does not raise any claims or arguments in the petition that could be liberally construed as asserting that he is factually innocent of the crimes for which he admitted his guilt and was convicted. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency."); *Pacheco*, 62 F.4th at 1241-46 (rejecting habeas petitioner's argument that allegedly being prosecuted and convicted "by the wrong jurisdiction" implicates factual innocence). The Court thus finds that the actual innocence exception does not apply in this case.

---

[6] The Court cites this unpublished decision as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

## CONCLUSION

Based on the foregoing, the Court concludes that Leonard's claims are barred by the applicable statute of limitations and thus dismisses the petition with prejudice. And because the statute of limitations presents a plain procedural bar, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that:

1. the motion for relief from judgment filed June 12, 2023 (Dkt. 13) is **denied**;

2. the petition for writ of habeas corpus (Dkt. 1) is **dismissed** with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 22nd day of September, 2023.

_____
TERENCE C. KERN
United States District Judge